UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW DEVILLE,

    Plaintiff,

v.                                              Case No. 1:23-cv-578

                                                       Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her applications for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff filed applications for benefits on May 21, 2020, alleging a disability onset date of January 1, 2017. PageID.46. Plaintiff identified her disabling conditions as fibromyalgia and depression.[1] PageID.322. Prior to applying for benefits, plaintiff completed the 12th grade and had past employment as a cashier and fast-food worker. PageID.53, 61. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on May 3, 2022. PageID.46-63. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Plaintiff points out that, "Plaintiff is a transgender male to female on hormone therapy (PageID.642). Her legal first name is 'Andrew', but her preferred name is Kailey (PageID.71)."

1

## I.    LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

Plaintiff's application failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff meets the insured requirements of the Social Security Act through September 30, 2025. PageID.28. The ALJ also found that:

> [T]here has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity.

PageID.49.[2]  At the second step, the ALJ found that plaintiff had severe impairments of fibromyalgia, migraines, lumbar spine fusion defect, obesity, depression, anxiety, and personality disorder. *Id*. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.50.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently reach overhead, bilaterally; occasionally climb ladders, ropes, and scaffolds; occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; and frequently balance. Moreover, the claimant can understand, remember, and perform simple and routine tasks on a sustained basis; and they can operate in a low stress environment, defined

---

[2] While plaintiff alleged a disability onset date of January 1, 2017, she engaged in substantial gainful activity at various times since that date. PageID.48. The ALJ found that plaintiff engaged in substantial gainful activity from January 2017 through December 2019. *Id*. Plaintiff also worked during 2020 and 2021, but her earnings did not rise to the level of the presumptive substantial gainful activity level. PageID.48-49.

> as making occasional work-related decisions and occasionally deal with changes in the workplace.

PageID.54. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.61.

At step five, the ALJ determined that plaintiff could perform other, unskilled jobs existing in the national economy at the light work exertional level. PageID.62. Specifically, the ALJ found that plaintiff could perform the requirements of occupations in the national economy such as clothing sorter (58,000 jobs), inspector (75,000 jobs), and small parts assembler (150,000 jobs). PageID.62. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from January 1, 2017 (the alleged disability onset date) through May 3, 2022 (the date of the decision). PageID.63.

### III.  DISCUSSION

Plaintiff has raised two errors on appeal.

**A.  The ALJ committed harmful error when he found the opinion of the consulting psychologist's [sic] persuasive, but then rejected portions of the opinion with no explanation, in violation of 20 C.F.R. §§ 404.1520c and 416.920c.**

For claims filed on or after March 27, 2017, the regulations provide that the Social Security Administration (SSA) "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). In these claims, the SSA "will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in [the claimant's] record." 20 C.F.R. §§ 404.1520c(b) and 416.920c(b). In addressing medical opinions and prior administrative medical findings, the ALJ will consider the following factors: (1) supportability; (2) consistency; (3) relationship with the

5

claimant; (4) specialization; and (5) other factors. *See* 20 C.F.R. §§ 404.1520c(c)(1)-(5) and 416.920c(c)(1)-(5). The most important factors which the ALJ considers in evaluating medical opinions are "supportability" and "consistency". 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2). The regulations explain "supportability" as, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1) and 416.920c(c)(1). The regulations explain "consistency" as, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2) and 416.920c(c)(2).

In addition, the new regulations recognize that "[b]ecause many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record." 20 C.F.R. §§ 404.1520c(b)(1) and 416.920c(b)(1). Thus, "when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id*. "We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually. *Id*.

6

Here, plaintiff contends that that ALJ did not provide the minimal level of articulation when addressing the opinions of examining psychologist Neil Reilly, M.A.:

> The ALJ did not articulate any reasoning to reject any portion of [Mr. Reilly's] opinion, either explicitly or implicitly. However, the opinion contains limitations beyond those that were assessed by the ALJ in the RFC; thus, the opinion was effectively rejected in part by the ALJ with no explanation.

Plaintiff's Brief (ECF No. 8, PageID.1160).

The gist of plaintiff's claim is that "the RFC assessment contains no limitations to account for the opined limitation that Plaintiff's ability to sustain mental focus would be compromised, as opined by Mr. Reilly." *Id*. Plaintiff is referring to a narrative response in Mr. Reilly's "Medical Source Statement of Ability to do Work-Related Activities (Mental)". Paragraph (3) of the Statement poses the question,

> "Are there any other capabilities such as the ability to concentrate, persist, or maintain pace and the ability to adapt or manage oneself) affected by the impairment? If "yes", please identify the capability and describe how it is affected.

PageID.1141. Mr. O'Neill responded,

> His depression effects [sic] his energy and motivation which will compromise, to some degree, his ability to sustain mental focus and be persistent and work quickly or at pace over time.

*Id*.

The ALJ found all of Mr. O'Neill's opinions persuasive:

> Consultative examiner Neil Reilly, MA opined the claimant had mild limitations in understanding / remembering / carrying out simple instructions and making judgments on simple work-related decisions; moderate limitations in understanding / remembering / carrying out complex instructions and making judgments on complex work-related decisions; and no limitations in interacting with others. <u>The examiner also opined that the claimant's depression effected [sic] their energy and motivation, which would compromise, to some degree, their ability to sustain mutual [sic] focus and be persistent and work quickly or at pace over time (Ex. 15F/7-8).</u> <u>These opinions are persuasive because they appear to be reasonably supported by the claimant's reported allegations, the examiner's observations, and the exam findings made during the exam.</u> For instance, during the exam, the

7

>claimant was able to recall six digits forward and four in reverse and they recalled three of three objects following delay (Ex. 15F/4). They were able to perform simple calculations and serial threes and sevens without significant noted difficulty (Ex. 15F/5). Further, these opinions are reasonably consistent with the opinions of the state agency consultants, who reviewed the records and file as a whole and determined the claimant had moderate limitation in concentrating / persisting / maintaining pace, and mild limitation in interacting with others, as set forth above. These opinions are also reasonably consistent with the claimant's reported symptoms to their medical providers, and their longitudinal treatment history as a whole, as discussed above in detail.

PageID.60 (emphasis added).

Plaintiff's contention of error is without merit because the ALJ adopted all of Mr. O'Neill's opinions as persuasive. This being said, the ALJ misquoted a phrase in Mr. O'Neill's opinion, inserting "mutual focus" rather than "mental focus." PageID.60. Placing this misstep aside, the ALJ agreed with Mr. O'Neill's assessment that plaintiff's depression would compromise, to some degree, her ability to sustain focus, be persistent, and work quickly or at pace over time. The ALJ's residual functional capacity (RFC) accounted for Mr. O'Neill's comments regarding plaintiff's compromised mental focus by limiting plaintiff to work which involves "simple and routine tasks on a sustained basis," "in a low stress environment, defined as making occasional work-related decisions," and occasionally dealing with changes in the workplace. PageID.54. Accordingly, plaintiff's claim of error is denied.[3]

### B. The ALJ applied improper legal standards when assessing plaintiff's subjective complaints under SSR 16-3p and his work limitations in the RFC assessment.

Plaintiff contends that the ALJ applied an incorrect legal standard when he "discredited Plaintiff's subjective testimony because it was 'not entirely consistent with the

---

[3] In reaching this determination, the Court notes that Mr. O'Neill did not articulate any particular work-related limitation to accommodate plaintiff's compromised mental focus. *See Smith-Johnson v. Commissioner of Social Security*, 579 Fed. Appx. 426, 437 (6th Cir. 2014) (specific limitations to pace and persistence are not required when the medical evidence does not "place any concrete functional limitations on [the plaintiff's] ability to maintain attention, concentration, or pace when performing simple, repetitive, or routine tasks").

8

evidence of record, to the extent that they allege these limitations are entirely work-preclusive.'" Plaintiff's Brief at PageID.1163 (citing PageID.55 and 58).  In this regard, the ALJ stated,

> The claimant alleges they are unable to perform full-time work on a sustained basis due to fibromyalgia, depression, anxiety and migraines, causing pain, malaise, weakness, fatigue, understanding and memory limitations, sustained concentration and persistence limitations, social interaction limitations, and ability to adapt limitations (Ex. 1A/2,11; 7A/6). Regarding their migraines, the claimant alleges they suffer one to two migraines per week, lasting up to two hours at a time. As it relates to their fibromyalgia and lumbar spine impairments, the claimant alleged pain throughout the body and in their joints, causing weakness in their legs and occasional falls. In function reports, the claimant alleged limitations with lifting, squatting, bending, standing, reaching, walking more than 30 minutes, sitting, kneeling, talking, hearing, climbing stairs, memory, completing tasks, and concentration (Ex. 5E/6; 9E/6). Overall, I find the claimant's allegations <u>are not entirely consistent with the evidence of record, to the extent that they allege these limitations are entirely work-preclusive</u>.

PageID.55 (emphasis added).

Plaintiff raises two related errors.  In one error, plaintiff contends that "the ALJ here appears to require that Plaintiff establish that he must prove he has limitations that are 'entirely work-preclusive' (PageID.55). That is not the correct standard for disability under the Social Security Act [42 U.S.C. § 423(d)(1)(A)]." *Id*. at PageID.1163-1164. Plaintiff's contention is without merit. The ALJ evaluated plaintiff's claim under the appropriate statutes and regulations. *See, e.g.*, "Applicable Law" (PageID.47-48).  Accordingly, that claim of error is denied.

Next, plaintiff contends that the ALJ erred when he concluded that her allegations were "not entirely consistent with the evidence of record."  This contention raises an issue which this Court pointed out in *Mogdis v. Commissioner of Social Security*, No. 1:18-cv-82, 2019 WL 652571 (W.D. Mich. Feb. 14, 2019), when the Court found that:

> The ALJ did not employ the correct standard when she stated that Plaintiff's statements were "not entirely consistent" with the record evidence, rather than considering if the Plaintiff's statements could be reasonably accepted as consistent. *See* 20 C.F.R. § 404.1529(c)(4).

9

*Mogdis*, 2019 WL 652571 at *4.[4] Here, as in *Mogdis*, the ALJ evaluated plaintiff's subjective complaints using a legal standard of whether plaintiff's allegations were "entirely consistent" with the evidence of record rather the standard set forth in the regulations, *i.e.*, whether plaintiff's allegations "can reasonably be accepted as consistent" with the evidence of record.

The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). *See Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (quoting *Diaz*). Here, the Court cannot trace the path of the ALJ's reasoning with respect to his evaluation of plaintiff's subjective complaints. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate plaintiff's subjective complaints.[5]

---

[4] The applicable regulations state that:

> In determining the extent to which your symptoms, such as pain, affect your capacity to perform basic work activities, we consider all of the available evidence described in paragraphs (c)(1) through (c)(3) of this section. We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled. We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you. Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, <u>can reasonably be accepted as consistent with the objective medical evidence and other evidence</u>.

20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4) (emphasis added).

[5] In reaching this determination, the Court is aware that the Sixth Circuit has affirmed ALJ decisions using the "not entirely consistent" formulation. *See, e.g., Lipanye v. Commissioner of Social Security*, 802 Fed. Appx. 165, 171 (6th Cir. 2020) ("The administrative law judge's finding that plaintiff's 'statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record,' ALJ Decision at 6, is supported by substantial evidence.").

### IV. CONCLUSION

For these reasons, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate plaintiff's subjective complaints. A judgment consistent with this opinion will be issued forthwith.

Dated: September 20, 2024              /s/ Ray Kent
                                       RAY KENT
                                       United States Magistrate Judge